JOHN P. HARTIGAN, ATTORNEY GENERAL *ex rel.* WILLIAM A. CAHIR *vs.* TIMOTHY E. MOLLOY *et al.,* BOARD OF CANVASSERS AND REGISTRATION OF THE CITY OF PROVIDENCE.

NOVEMBER 1, 1938.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

Per Curiam. This is a petition, brought by the relator on behalf of himself and other electors of the city of Providence, for a writ of mandamus to command the respondents, as members of the board of canvassers of said city, to certify to the secretary of state the name of the relator as a candidate for alderman, and the names of Eugene J. McCaffrey, Stanley Phillips and Hyman Fain as candidates for the common council in said city, together with their specified addresses, so that such names and addresses may be printed on labels under the heading or designation of "Fair Caucus Party", and be inserted in the voting machines to be used in the twelfth ward of the city of Providence at the election to be held therein November 8, 1938. The respondents have heretofore refused to make such certification, and the time fixed by statute for their action in that connection has expired.

It appeared at the hearing herein that the relator and the persons named above as candidates for the common council were offered for nomination for their respective offices by the filing with the respondents of nomination papers signed by a number of qualified electors of the city of Providence residing in the twelfth ward of that city. The portion of the statute, G. L. 1923, chap. 11, sec. 15, material to the issue now before us reads as follows: "Every certificate of nomination and every nomination-paper shall, besides containing the names of candidates, specify as to each: (1) the office for which he was nominated; (2) the party or political principle which he represents, expressed in not more than three words: *Provided,* that in such expression the words 'Republican' or 'Democrat' shall not be combined with any other word or words; and (3) his place of residence with street and number thereon, if any. . . ." Undoubtedly the provisions of the above section are mandatory in character and must be complied with by those seeking to nominate candidates by nomination papers. See *Flynn* v. *Cappelli,* 54 R. I. 462.

No claim is made here by the respondents that the nomination papers in question were not filed within the time fixed by statute, or that they did not properly set out the names of the relator and the candidates for councilmen with their respective addresses, or that the name of a political party or principle was not properly expressed. Also, it is not disputed that a sufficient number of duly qualified electors to satisfy the requirements of the statute governing such filing properly signed said papers, and wrote after their respective names addresses showing residence in the twelfth ward.

The respondents, however, do contend that the nomination papers in issue did not fully specify the respective offices for which the relator and the candidates for the common council were being nominated. While the papers in question showed that the relator was being nominated for alderman and the other candidates for councilmen, the respondents urge that the fact that nowhere on such papers does it specifically appear in which ward of the city of Providence the relator and the candidates for the common council are running for office renders the nomination papers fatally defective and void. The relator, on the other hand, maintains that it is not necessary that the ward designation appear on the nomination papers now before us, in order to comply with the provisions of the above section.

The papers in issue were filed on forms furnished by the respondents to those electors desiring to make nominations in the manner permitted by the above statute. While the supplying of such forms was a voluntary act on the part of the respondents, there being no provision of law requiring them so to do, and while such forms were used generally for filing nominations for a variety of offices, nevertheless no space or blank appears on such forms for the insertion of any ward designation, although one is indicated thereon for names and addresses.

In the instant case no contention has been made by the respondents at any time that they did not know or could not tell in which ward the relator and the candidates for the common council resided and were to run for office if lawfully nominated. The nomination papers were duly filed with the respondents, who accepted them without objection and proceeded to check them. In fact, it appears that the names of certain signers of the papers were ruled by the respondents to be invalid and were not counted in computing the necessary number of names because such signers did not reside in the twelfth ward. Also, the addresses appearing on the papers opposite the names of the relator and the candidates for the common council were located in the twelfth ward of the city of Providence. Further, in rejecting the papers in question, the reason appearing on a written memorandum given to the relator by one of the respondents, for the board, read as follows: "Out under Ch. 11, Sec. 15, Fair Caucus Party—Cahir Ald. Ward 12". It is evident, therefore, from their conduct that the respondents knew at the time the papers in question were filed with them that said papers related to the offices of alderman and councilmen to be selected by the voters of the twelfth ward, and that the respondents proceeded to act on that knowledge by striking from such papers the names of all signers who did not live in the twelfth ward, and by finding a sufficient number of qualified signers who were resident in that ward.

Unquestionably in order to avoid mistake and confusion, to assist the respondents in their work, and in the interest of accuracy, it would be better practice to place upon nomination papers the ward designation when the candidate involved is to be voted upon by the electors in a particular ward. However, the statute above referred to does not expressly and in definite terms require that the ward designation be set out in the nomination papers. Neither, in our opinion, is such designation called for by any necessary or unavoidable implication from the language em-

ployed in the above section. That makes it necessary for the court to apply the statute to the particular facts of the case before it. In so doing we must give effect to the specific requirements of the statute without unreasonably preventing qualified electors from freely nominating candidates for office as the legislature apparently intended.

We are of the opinion, therefore, that, in the circumstances of this case, the nomination papers before us are not defective and invalid because they do not contain a specific reference to the particular ward the electors of which are to vote for the relator and the other candidates in question. We find, on all the facts appearing herein, that the provision of the statute in question is substantially complied with by the designation in the nomination papers that the relator is a candidate for alderman in the city of Providence, and that the other persons, whose names and addresses are specifically set out in said papers, are candidates for the common council in said city. The nomination papers in question are proper and valid and should not have been rejected by the respondents.

The prayer of the relator for a writ of mandamus, as set out in his petition, is granted.

*William A. Needham,* for relator.

*John T. Walsh,* Assistant City Solicitor of City of Providence, for respondents.